**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GENERAL REFINING CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FEDERAL EXPRESS CORPORATION | ) |
| | ) |
| Defendant. | ) |
| | ) |

CV-11 2778

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

Case No.: ★   JUN 0 9 2011 ]   ★

NOTICE OF REMOVAL   LONG ISLAND OFFICE

**WEXLER, J.**

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK, AND TO PLAINTIFF:

PLEASE TAKE NOTICE that Defendant Federal Express Corporation ("FedEx"), hereby files this its Notice of Removal under 28 U.S.C. § 1441, to effect removal of this matter which was commenced in the Supreme Court of the State of New York, County of Nassau, under Case No.: 11-005763. Removal is proper for the following reasons:

1. On April 18, 2011, the Plaintiff filed this action in the Supreme Court of the State of New York, County of Nassau, under Case No.: 11-005763. FedEx's records indicate that it first received notice of this action on May 10, 2011, when it received a copy of the Verified Complaint, and thirty days since such receipt has not yet expired.

2. The United States District Courts have original jurisdiction by reason and way of federal question jurisdiction, 28 U.S.C. § 1331.

3. The claims asserted by the Plaintiff in its Verified Complaint and the liability of FedEx, if any at all, are governed by principles of federal common law applicable to shipments made in interstate commerce by a federally certificated air carrier such as FedEx. *See Nippon Fire & Marine Insurance Co., Ltd. v. Skyway Freight Sys., Inc.,* 235 F. 3d 53, 59 (2d Cir. 2000) (*citing Read-Rite Corp. v. Burlington Air Express, Ltd.,*186 F. 3d 1190 (9th Cir. 1999)). As such, this Court has original jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331, and this civil action may be removed pursuant to 28 U.S.C. § 1441(b). *See*

*Nippon*, 235 F. 3d 53, 59 (2d Cir. 2000) (*citing Sam L. Majors Jewelers v. ABX, Inc.,* 117 F. 3d 922 (5th Cir. 1997)).

4.      The Defendant may, under section 1441 of the Judicial Code, 28 U.S.C. § 1441, remove this action to this court because this is a civil action of which the district courts of the United States have original jurisdiction that is brought in a state court.

5.      Attached hereto as Exhibit "A," is a true and correct copy of the complaint and summons filed in this action in the Supreme Court of the State of New York, County of Nassau, under Case No.: 11-005763. A Notice of Filing of this Notice of Removal is being concurrently filed with the Supreme Court of the State of New York, County of Nassau.

**WHEREFORE,** FedEx prays that this civil action be removed to this Court from the Supreme Court of the State of New York, County of Nassau.

Dated: Memphis, TN

June 8, 2011

Colby S. Morgan, Esq (CM8761)
New York Office:
Federal Express Corporation
111 W. 40th Street, 29th Floor
New York, New York 10018
Telephone: (212) 3770-6251
Fax: (212) 377-6281

Memphis Office:
Federal Express Corporation
3620 Hacks Cross Road
Building B, Third Floor
Memphis, Tennessee 38125
Telephone: (901) 434-8545
Fax: (901) 434-9278
csmorgan@fedex.com


Of Counsel:
Colleen D. Hitch, Esquire
3620 Hacks Cross Road

2

Building B, Third Floor
Memphis, TN 38125
Telephone: (901) 434-8338

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GENERAL REFINING CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| FEDERAL EXPRESS CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

---

### AFFIDAVIT OF SERVICE

| | |
|---|---|
| STATE OF TENNESSEE | ) |
| | :ss: |
| COUNTY OF SHELBY | ) |

Carol Dickey, being duly sworn, deposes and says:

I am not a party to this action, I am over 18 years of age and I reside at Memphis, Tennessee.

On June 8, 2011, I served the within **Notice of Removal** upon the party listed below at the address designated by said party for that purpose by depositing a true copy of same with an overnight delivery service in a wrapper properly addressed. Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The delivery service used was FedEx Express.



MY COMMISSION EXPIRES MARCH 20, 2013

Frank S. Russell
LITE & RUSSELL
212 Higbie Lane
West Islip, NY 11795

Carol Dickey

Sworn to before me on this
8th day of June, 2011

Notary Public

4

```
Printed:04-18-2011 @ 13:24:28
         NASSAU COUNTY
       MAUREEN O'CONNELL
        COUNTY CLERK
```

**CV - 11 2778**

```
Trans#: 129896      Oper:MAL001
```

**RECEIVED**

```
Ref#: IN 11--005763
Ctl#: 1748  Rec:4-18-2011 @  1:22:36p
```

APR 18 2011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

NASSAU COUNTY
COUNTY CLERK'S OFFICE

-----------------------------------------------------------------x

GENERAL REFINING CORPORATION,

Index Number: _____

Plaintiff designates
NASSAU
County as the place of trial

Plaintiff,

The basis of the venue is
Plaintiff's place of business

.-against-

FEDERAL EXPRESS CORPORATION,

**SUMMONS**

Plaintiff's place of business
59 Madison Avenue
Hempstead, NY 11550
County of NASSAU

Defendant

-----------------------------------------------------------------x

To the above named Defendant

    **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated,  April 4, 2011

Defendant's address:

One Penn Plaza, 26th Floor
NY, NY 10119

**LITE & RUSSELL**
Attorneys(s) for Plaintiff
Post Office Address
212 Higbie Lane
West Islip, NY 11795
631-669-3710

## EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------x
GENERAL REFINING CORPORATION,

                           Plaintiff,

                                                              **VERIFIED COMPLAINT**
                - against -
                                                              Index No.

FEDERAL EXPRESS CORPORATION,

                           Defendant.
-------------------------------------------------------------------x

        That plaintiff, GENERAL REFINING CORPORATION, complaining of the defendant

respectfully allege:

        1.  That the plaintiff was and still is a domestic corporation duly existing under

and by virtue of the laws of the State of New York.

        2.  That upon information and belief, the defendant is a foreign corporation

duly authorized to do business in the State of New York.

        3.  That upon information and belief, the defendant is engaged in the business

of providing for, procuring and maintaining delivery/shipment services to the public of

both incoming and outgoing packages.

        4.  That in or about April 18, 2006 plaintiff and defendant entered into an

agreement for the delivery/shipment of packages to and from plaintiff's place of

business for a premium.

        5.  That upon information and belief, the defendant charged and accepted an

additional premium from the plaintiff for the placing, procuring and maintaining of

insurance on packages shipped by said plaintiff.

6.  That upon information and belief, defendant represented to the plaintiff herein and the general public that said defendant would place, procure and maintain insurance on the packages shipped to and/or from the plaintiff for an additional fee.

7.  That beginning on or about April 18, 2006, the plaintiff  procured the services of defendant to ship precious metals such as gold and silver to and from its customers.

8.  That beginning on or about April 18, 2006, the plaintiff procured the services of defendant to deliver/ship incoming and outgoing shipments to plaintiff.

9.  That beginning on or about April 18, 2006, the plaintiff authorized its customers to use plaintiff's account with defendant corporation to ship packages to plaintiff.

10.  That beginning on or about April 18, 2006, the defendant charged plaintiff a premium/fee to procure, secure and maintain insurance on the packages/shipments delivered to plaintiff by its customers, who utilized plaintiff's account with defendant corporation for said shipments.

11.  That plaintiff paid to defendant premiums/fees for insurance on each of the packages/shipments delivered by defendant for the period beginning on or about April 18, 2006.

12.  That the defendant failed to obtain, procure, secure and maintain the insurance coverage on the packages/shipments that were contracted for by plaintiff herein and for which fees were paid by plaintiff to defendant

13.  That the defendant breached its  obligation to plaintiff by failing to obtain, procure, secure and maintain the insurance coverage on the packages/shipments that

were contracted for by plaintiff herein and for which fees were paid by plaintiff to defendant.

### AS AND FOR A FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

14.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in the Complaint numbered "1" through "13" inclusive, as if set forth more fully at length herein.

15.  That pursuant to agreement during the period hereinabove mentioned, the plaintiff paid to the defendant an additional premium so the defendant would procure, secure and maintain insurance on the packages shipped by defendant on behalf of plaintiff to insure plaintiff against any loss.

16.   That plaintiff relied upon the defendant and defendant's expertise and knowledge in procuring insurance on its shipments.

17.  That as such defendant had a duty to procure such insurance that was adequate to plaintiff's needs and for which plaintiff paid a premium.

18.  That it was defendant's obligation to procure and provide said insurance on plaintiff's shipments per agreement.

19.  That said defendant failed to procure the insurance on plaintiff's shipments and for which plaintiff paid a premium.

20.  The by reason of the foregoing, defendant breached its agreement with plaintiff to procure insurance coverage for plaintiff.

21.  That despite demand, defendant has refused to refund plaintiff the premiums paid.

22.  That by reason of the foregoing, plaintiff has been damaged in an amount that exceeds the amount of damages of the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION FOR CONVERSION OF INSURANCE PREMIUMS

23.  Plaintiffs  repeat, reiterate and reallege each and every allegation contained in the Complaint numbered "1" through "13"  and "15" through "21" inclusive, as if set forth more fully at length herein.

24.  That despite premiums charged to and paid by plaintiff to defendant for insurance to be procured and secured on plaintiff's packages/shipments, said defendant failed to place, secure and procure said insurance.

25.  That by reason of the above the defendant has wrongfully converted said insurance premiums charged to plaintiff and paid by plaintiff to its own use.

26.  That plaintiff did not authorize defendant to utilize the insurance premiums for its own use and benefit.

27.  That by reason of the above, the plaintiff has been damaged in an amount that exceeds the amount of damages of the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION FOR UNJUST ENRICHMENT

28.  Plaintiff repeats, reiterates and realleges each and every allegation contained in the Complaint numbered "1" through "13" and "15 " through "21" and "24" through "26" inclusive, as if set forth more fully at length herein.

29.  That defendant has engaged in an ongoing course of business involving the

collection of insurance premiums from the plaintiff, and failing to obtain any insurance.

30. That defendant has been unjustly enriched by its improper and unauthorized retention of the insurance premiums charged to plaintiff.

31. That by reason of the foregoing, the plaintiff has been damaged in an amount that exceeds the amount of damages of the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in the Complaint numbered "1" through "13" and "15" through "21" and "24" through "26" and "29" through "30" inclusive, as if set forth more fully at length herein.

33. That defendant negligently failed to advise plaintiff that it would not and/or did not procure and secure insurance coverage on plaintiff's shipments/packages as agreed upon and for which defendant charged premiums.

34. That defendant negligently misrepresented to plaintiff that it would procure and secure insurance coverage on plaintiff's shipments/packages as agreed upon and for which defendant charged premiums.

35. That plaintiff relied upon the statements and representations of the defendant regarding its agreement to procure and secure insurance coverage on plaintiff's shipments/packages as agreed upon.

36. That by reason of the foregoing, the plaintiff has been damaged in an amount that exceeds the amount of damages of the jurisdictional limits of all lower

courts which would otherwise have jurisdiction.

**AS AND FOR A FIFTH CAUSE OF ACTION OF FRAUD**

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in the Complaint numbered "1" through "13" and "15" through "21" and "24" through "26" and "29" through "30 and "33" through "35" inclusive, as if set forth more fully at length herein.

38. That defendant intentionally concealed from plaintiff the fact that it failed to procure and secure insurance coverage on its shipments/packages.

39. That plaintiff relied upon defendant's representations regarding insurance.

40. That as a direct and proximate result of the defendant's intentional and willful concealment of its failure to procure and secure insurance on plaintiff's packages/shipments and for charging a premium for said insurance, said plaintiff has been damaged in an amount that exceeds the amount of damages of the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

41. That due to defendant's concealment of its failure to procure and secure insurance, plaintiff is entitled to an award of punitive damages.

**AS AND FOR A SIXTH CAUSE OF ACTION OF DECEPTIVE BUSINESS PRACTICES**

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in the Complaint numbered "1" through "13" and "15" through "21" and "24" through "26" and "29" through "30" and "33" through "35" and "38" through "40" inclusive, as if set forth more fully at length herein.

43. That defendant's action constitute deceptive trade practice under the

provisions of General Business Law Section 349.

44. That defendant's acts and practices were materially misleading and deceptive.

45. That plaintiff was damaged by defendant's materially misleading acts and deceptive practices, suffering the damages set forth above.

46. Defendant's violation of General Business Law Section 349 was knowing and willful and plaintiff is entitled to have the damages increased to three times the actual damage or to an amount that exceeds the amount of damages of the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

47. That pursuant to General Business Law Section 349 plaintiff is entitled to award of costs, including attorney's fees.

WHEREFORE, plaintiff demands judgment against the defendant

On the first cause of action plaintiff has been damaged in an amount that exceeds the amount of damages of the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

On the second cause of action plaintiff has been damaged in an amount that exceeds the amount of damages of the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

On the third cause of action plaintiff has been damaged in an amount that exceeds the amount of damages of the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

On the fourth cause of action plaintiff has been damaged in an amount that

exceeds the amount of damages of the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

On the fifth cause of action plaintiff has been damaged in an amount that exceeds the amount of damages of the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with an award of punitive damages;

On the sixth cause of action plaintiff has been damaged in an amount that exceeds the amount of damages of the jurisdictional limits of all lower courts which would otherwise have jurisdiction and plaintiff is entitled to have the damages increased to three times the actual damages;

all together with the costs and disbursements and attorneys fees of this action.

Dated: West Islip, NY
        April 4, 2011

LITE & RUSSELL
Attorneys for Plaintiff
212 Higbie Lane
West Islip, NY 11795
(631) 669-3710

## CERTIFICATION

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers and the contentions herein are not frivolous as defined in subsection (c) of section 130-1.1 of 22 N.Y.C.R.R.

FRANK S. RUSSELL

CORPORATE VERIFICATION

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF SUFFOLK     )


        _PETER SPERA, being duly sworn, deposes and says:

        Deponent is the President of GENERAL REFINING CORPORATION, a domestic corporation and a party in the within action, I have read the foregoing Complaint and knows the contents thereof; and the same is true to my own knowledge except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.  This verification is made by me because the above party is a corporation and I am an officer thereof.

                                        X _____
                                           PETER SPERA, President


Sworn to before me this
4  day of April , 2011.

        _____
        Notary Public

                            JESSICA A. WALSH
                        Notary Public, State of New York
                            No. 01WA6222462
                        Qualified in Nassau County
                        Commission Expires 05-24-2014

Index No.          Year 19

SUPREME COURT OF THE STATE OF NEW YORK : COUNTY OF NASSAU

---

GENERAL REFINING CORPORATION,

Plaintiff(s),

-against-

FEDERAL EXPRESS CORPORATION,

Defendant(s).

---

**SUMMONS AND VERIFIED COMPLAINT**

# LITE & RUSSELL
Attorneys for plaintiff
Office & Post Office Address, Telephone
212 Higbie Lane
West Islip, New York 11795
(631) 669-3710
FAX (631) 669-3812

---

To all parties
Attorney(s) for Defendant

Service of a copy of the within is hereby admitted.
Dated,

Attorney(s) for

---

Sir: Please take notice
NOTICE OF ENTRY
That the within is a true copy of an duly entered in the office of the clerk of the within named court on , 2002
NOTICE OF SETTLEMENT
That an order of which the within is a true copy will be presented for settlement to the Hon.          one of the judges of the within
named court, at   on , 2002 at   M.
Dated,

Yours, etc.
**LITE & RUSSELL**
Attorneys for
Office & P.O. Address
212 Higbie Lane
West Islip, New York  11795

TO:
Attorney for