UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GENERAL REFINING CORPORATION,

      Plaintiff,

 -against-

FEDERAL EXPRESS CORPORATION,

      Defendant.
-----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 11-2778

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ JUL 28 2014 ★

LONG ISLAND OFFICE

APPEARANCES:

Lite and Russell
By: Frank S. Russell, Esq.
212 Higbie Lane
West Islip, New York 11795
Attorneys for Plaintiff

Federal Express Corporation
By: Thomas W. "Trea" Southerland III, Esq.
   Terrence O. Reed, Esq.
   Senior Counsel - Litigation
3630 Hacks Cross Road
Building B, 2d Floor
Memphis, Tennessee 38125
Attorneys for Defendant

WEXLER, District Judge:

  Defendant Federal Express Corporation ("FedEx" or "Defendant") moves under Local Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), for reconsideration of this Court's order granting in part and denying in part Defendant's motion for summary judgment. For the reasons that follow, Defendant's motion for reconsideration is granted in part and denied in part.

BACKGROUND

Plaintiff General Refining Corporation ("General Refining" or "Plaintiff") brings this action claiming breach of contract and mistake under New York law against Defendant FedEx. The Second Amended Complaint ("Am. Cmplt.") alleges that Plaintiff "was improperly charged Declared Valuation Fees" and that Defendant "failed refused and/or neglected to increase it liability for plaintiffs packages despite having charged plaintiffs Declared Valuation Fees." Am. Cmplt.", ¶ 46, 47. Plaintiff's mistake claim "under New York common law" alleges "[t]hat due to the Defendant's mistake and/or the plaintiffs' mistake in its failure to increase its liability for plaintiff's packages/shipments, plaintiff is entitled to reimbursements of the Declared Valuation Fees." Am.Cmplt., ¶¶ 52, 56. The Am. Cmplt also asserted class claims.

Following discovery, Defendant moved for summary judgment under the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Rule 56, claiming Plaintiff's mistake claim is preempted by the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. §§ 40101, *et seq.*, that Plaintiff's breach of contract claim fails as a matter of law, and that the class claims under Rule 23 of the Fed.R.Civ.P. should be dismissed. This Court granted summary judgement of the class claims, and denied the motion as to the mistake and breach of contract claims. In so concluding, the Court reviewed the Supreme Court cases of <u>Morales v. Trans World Airlines</u>, 504 U.S. 374, 112 S.Ct. 2031 (1992) and <u>American Airlines v. Wolens</u>, 513 U.S. 219, 115 S.Ct. 817 (1995), which found that preemption under the ADA did not shield an airlines from recovery for "alleged breach of its own, self-imposed undertakings," and permitted "[a] remedy confined to a contract's terms [to] simply hold[] parties to their agreements..." See Docket Entry ("DE") 48, at 7, citing <u>Wolens</u>, 513 U.S. at 228, 115 S.Ct. at 824. The Court here concluded that as Plaintiff's

mistake claim "concerns the terms of this private agreement – as opposed to a state-imposed duty – it is not prempted by the ADA." Order, at 9. The Court also concluded that the issues of fact precluded summary judgment on the breach of contract claim. Id., at 10. Defendant now moves for reconsideration of that decision pursuant to Local Civil Rule 6.3.

## STANDARDS

Local Rule 6.3 states that a party moving for reconsideration shall provide the court with a "memorandum setting forth concisely the matters or controlling decision which counsel believes the Court overlooked." Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Local Rule 6.3 "The standard is strict for granting a motion for reconsideration under either Rule 60(b) of the Federal Rules of Civil Procedure or under Local Rule 6.3" Vlad-Berindan v. LifeWorx, Inc., 2014 WL 1682059, *3 (E.D.N.Y. 2014) (citations omitted). As stated by the Second Circuit, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) (citations omitted); Massop v. U.S. Postal Service, 493 Fed.Appx. 231, 232 (2d Cir. 2012). Reconsideration of a court's prior order under Local Rule 6.3 or Rule 59 "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Schoolcraft v. City of New York, 298 F.R.D. 134, 136 (S.D.N.Y. 2014) (quoting Ferring B.V. v. Allergan, Inc., 2013 WL 4082930, at *1 (S.D.N.Y. Aug. 7, 2013) (other citations omitted)). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Kruger v.

Virgin Atlantic Airways, Ltd., 2013 WL 6795251, *1 (E.D.N.Y. 2013) (quoting Shrader, 70 F.3d at 257).

## DISCUSSION

Defendant seeks reconsideration claiming that 1) the Court overlooked certain undisputed facts cited by FedEx and never properly controverted by Plaintiff; 2) the Court accepted the conclusory arguments of Plaintiff's counsel as undisputed facts; and 3) the Court provided no authority for the conclusion that the mistake claim is not preempted by the ADA. Subsequent to submission of the motion, Defendant also provided the Court with notice of the recent U.S. Supreme Court decision in Northwest, Inc. V. Ginsburg, 134 S.Ct. 1422 (2014), which discusses the scope of preemption under the ADA.

In Northwest, the plaintiff sued Northwest Airlines for terminating him from its frequent flyer program, and alleged claims for breach of contract, breach of the duty of good faith and fair dealing, negligent misrepresentation and intentional misrepresentation. The Ninth Circuit ruled that the plaintiff's claim for breach of a covenant of good faith and fair dealing was not preempted by the ADA, since it did not have a "'direct effect' on either the 'prices' or 'services'" of the airline. Northwest, 134 S.Ct. at 1428. The U.S. Supreme Court granted certiorari.

The Supreme Court reversed and found the claim was preempted. Specifically, the Court reiterated that the parties' claims are dictated solely by the obligations they voluntarily undertake in a contract, and that a claim for a breach of implied duty of good faith and fair dealing, that "seeks to enlarge [the] contractual agreement" between the parties, is preempted by the ADA. Northwest, at 1434. The Court stated that the "ADA's deregulatory aim can undermined just as surely by a state common law rule as it can by a state statute or regulation," id., at 1430, and that a

state-imposed obligation, such as when the state does not "authorize parties to free themselves from the covenant, a breach of the covenant claim is preempted." Id., at 1432.

In light of the Supreme Court's recent decision in Northwest, the Court is persuaded that Plaintiff's New York common law mistake claim is preempted by the ADA. Northwest holds that "a claim is preempted if it seeks to enlarge the contractual obligations that the parties voluntarily adopt." Northwest, at 1426. In this case, trial of the Plaintiff's breach of contract claim will adequately enforce the contractual obligations the parties voluntarily undertook in this business arrangement; to the extent the mistake claim imposes additional state common law obligations, it is pre-empted.

Defendant also argues that the Court reconsider its decision denying summary judgment on Plaintiff's breach of contract claim, claiming that the Court overlooked undisputed facts argued by Defendant and accepted as undisputed certain facts argued but not corroborated by Plaintiff. Defendant strenuously argues its facts should have been deemed admitted in light of Plaintiff's failure to submit a properly styled Local Rule Counter-56.1 Statement. Plaintiff submitted its own Local Rule 56.1 Statement, which the Court construed as responsive to Defendant's Rule 56.1 statement. See Order, at 2, n. 1. "A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001), abrogated on other grounds by Gross v. FBL Fin. Servs., 129 S.Ct. 2343, 2350 (2009) (holding that "while a court 'is not required to consider what the parties fail to point out' in their Local Rule 56.1 statements, it may in its discretion opt to 'conduct an assiduous review of the record' even where one of the parties has failed to file such a statement")(citations omitted); see also Conte v. County of Nassau, 2010 WL 3924677,

*1, n.2 (E.D.N.Y. 2010) (in its discretion, the court "will overlook the alleged failures to comply with Rule 56.1"). The Court has reviewed and considered Defendant's arguments and finds that there is no controlling decision or data that this Court overlooked or that would otherwise lead this Court to alter its earlier conclusion that issues of fact preclude summary judgment on Plaintiff's breach of contract claim.

## CONCLUSION

For the reasons stated above, Defendant's motion for reconsideration is granted as to the mistake claim, and denied as to the breach of contract claim. The parties are reminded that jury selection for the trial of Plaintiff's breach of contract claim is scheduled for August 11, 2014 at 9:30 am. Furthermore, the Clerk of the Court is directed to amend the caption to reflect the dismissal of the class action claims by the Order at docket entry #48.

SO ORDERED.

s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
July 24, 2014